## STEUBING *v.* NEW YORK EL. R. Co. *et al.*

*(Supreme Court, General Term, First Department.   June 3, 1892.)*

1. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
   In an action to restrain an elevated railroad company from interfering with plaintiff's easements in the public street, and thereby lessening the rental value of his premises, the objection that no permanent injunction can issue as to one of his pieces of property because he has only a life estate therein will not be considered on appeal when such objection does not appear on the record.

2. WITNESS—REFRESHING MEMORY.
   Where it appears from the record that plaintiff testified from his memory independent of the books in which the receipts of the rents had been entered, the objection that his memory was refreshed by looking at such books was not well taken.

3. EVIDENCE—BOOK ENTRIES.
   Where plaintiff testified that he had examined the books from time to time, and knew that the entries therein were correct, it was immaterial where the one who made such entries was at the time of the trial.

4. SAME—RELEVANCY.
   The objection to the question, "Did you consider the presence of the railroad, at the time you purchased in 1890, as an injury or a benefit to the property?" was immaterial, since the question in issue was not as to what plaintiff considered the road when he purchased the property, but what it actually was.

Appeal from judgment on report of referee.

Action by Henry Steubing against the New York Elevated Railroad Company and the Manhattan Railroad Company to recover damages for a trespass to plaintiff's premises, and to perpetually enjoin them from operating such elevated railroad.   Defendants' road occupied the avenue in front of plaintiff's premises, consisting of buildings used partly for business and partly for dwelling purposes.   The railroad interfered with his easement to the avenue, and to his right to the unobstructed admission of light and air, thereby lessening the rental value of his premises.   From a judgment awarding damages and granting an injunction, defendants appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*Davies, Short & Townsend,* (*J. S. Wood* and *J. T. Davies,* of counsel,) for appellant.   *Cannon & Atwater,* (*H. G. Atwater,* of counsel,) for respondent.

VAN BRUNT, P. J.   Upon an examination of this record we see nothing to distinguish the case from the many which have been before this court on appeal.   The claim that the amount awarded is excessive does not seem to be sustained by the evidence.   Upon the contrary, the findings of the referee seem to be fully justified in that regard.

The objection that no permanent injunction can issue in respect to one of the pieces of property because the owner only had a life estate therein does not seem to be well taken, as the objection does not appear upon the record.

The objection to the evidence of the plaintiff in respect to rents received, because his memory was refreshed by looking at the books in which the receipts of the rents had been entered, does not seem to be well taken.   It would appear from certain parts of the record that the witness had testified from his memory, independent of the book, in most of the instances mentioned.

The claim that the witness nowhere stated that he could not testify without refreshing his recollection, and that, therefore, he should not have been allowed to look at the books, is not well taken, because no such objection was raised upon the trial.

The question as to where the man who made the entries in the books was at the time of the trial seems to have been entirely immaterial.   The witness testified that he had examined these books from time to time, to see if any mistake was made, and that at the time he knew the entries were correct.   It is true that it subsequently appeared that there were discrepancies between the amount of rents as given from his recollection by the witness and those

which were entered in the books, and that in those instances the witness testified that the books must be wrong; but that circumstance was only to be considered by the referee in determining the weight to be given to the testimony of the witness.

The objection to the question, "Did you consider the presence of the elevated railroad at the time you purchased in 1890 as an injury or a benefit to the property?" was immaterial. It was not a question as to what he considered the structure when he purchased the property, but what it actually was.

The judgment should be affirmed, with costs. All concur.